JOURNAL ENTRY AND OPINION
{¶ 1} Defendant-appellant, Robert Fitzer, appeals from the trial court's order finding him guilty of escape and sentencing him to two years incarceration. For the reasons that follow, we affirm.
 {¶ 2} In 1991, Fitzer pled guilty to one count of burglary and was sentenced to three to 15 years incarceration. He was paroled in 2000, but subsequently failed to report to his parole officer. In October 2000, he pled guilty to attempted escape and thereafter was sentenced to one year incarceration. Fitzer was again paroled in February 2002. He again failed to report to his parole officer, however, and was thereafter indicted on one count of escape, in violation of R.C. 2921.34. Fitzer pled guilty to the escape charge, as well as attempted drug possession in another case, and was sentenced to two years incarceration.
 {¶ 3} This court subsequently granted Fitzer's motion for delayed appeal.
 {¶ 4} In his first assignment of error, Fitzer contends, in reliance on this court's opinion in State v. Thompson, Cuyahoga App. No. 78919, 2002-Ohio-6478, that he should not have been charged with escape because the charge is related to a crime he committed prior to July 1, 1996, the date of the enactment of Senate Bill 2.
 {¶ 5} The Ohio Supreme Court recently reversed this court's ruling in Thompson, however. The Supreme Court held that "a parolee who fails to report to his parole officer after March 17, 1998[1] may be prosecuted for escape under R.C. 2921.34, regardless of when his or her underlying crime was committed." Id. at ¶ 19. In reaching this conclusion, the Supreme Court reasoned that the date of the underlying offense is of no consequence because the parole violation is a new criminal offense, unrelated to conduct that led to the prior conviction.
 {¶ 6} We are therefore constrained to find that Fitzer's first assignment of error has no merit and, therefore, it is overruled.
 {¶ 7} In his second assignment of error, Fitzer argues that he was denied his right to effective assistance of counsel because counsel allowed him to plead guilty to the escape charge, even though the law in the Eighth District at the time was that a defendant who committed a crime prior to 1996 could not subsequently be convicted of escape.
 {¶ 8} We acknowledge counsel's apparent failure to fully advise Fitzer of the status of the law when he pled guilty but find no reversible error. In order to establish a claim of ineffective assistance of counsel, a criminal defendant must demonstrate that counsel's performance was deficient and that the deficient performance prejudiced the defense. Strickland v.Washington (1984), 466 U.S. 668, paragraph two of the syllabus;State v. Bradley (1989), 42 Ohio St.3d 136. Prejudice is demonstrated when the defendant proves that, but for counsel's actions, there is a reasonable probability that the result of the proceedings would have been different. Strickland,466 U.S. at 694.
 {¶ 9} Here, Fitzer cannot demonstrate any such prejudice. In light of the decision of the Supreme Court of Ohio in Thompson,
Fitzer was properly charged and convicted of escape.
 {¶ 10} Appellant's second assignment of error is overruled.
Affirmed.
It is ordered that appellee recover from appellant costs herein taxed.
The court finds there were reasonable grounds for this appeal. It is ordered that a special mandate issue out of this court directing the Common Pleas Court to carry this judgment into execution. The defendant's conviction having been affirmed, any bail pending appeal is terminated. Case remanded to the trial court for execution of sentence.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
Corrigan, P.J., and Dyke, J., concur.
[1] R.C. 2967.15(C)(2) was amended on March 17, 1998 to provide that parolees were among the class of persons who could be prosecuted for escape.